CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2012

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KRISTEN PUJARI, | ) | Civil Action No. 7:11cv00338 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| VIRGINIA POLYTECHNICAL INSTITUTE | ) | |
| AND STATE UNIVERSITY, ET AL., | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

This is an action pursuant to the court's federal question and supplemental jurisdiction, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, by plaintiff Kristen Pujari against Virginia Polytechnical Institute and State University ("Virginia Tech") and thirteen other defendants to address a broad range of the defendants' allegedly illegal conduct. The defendants have moved to dismiss Pujari's complaint on a number of grounds. The court finds that Pujari has alleged insufficient facts to support any of her twenty-seven claims and will dismiss her complaint without prejudice.

I.

The court accepts Pujari's factual allegations as true. Pujari, a Hindu Indian-American, was part of a cohort of graduate students admitted to the Counselor Education Ph.D. program at Virginia Tech during the fall of 2005. Shortly after matriculation, Pujari began to express concerns about perceived sexual harassment within the program; those concerns were only exacerbated by the faculty's apparent unwillingness to meet with Pujari to discuss her complaints or otherwise offer academic guidance. She claims that these events caused her to suffer "post-

traumatic stress disorder, anxiety and depression, and physical ailments such as asthma, increased seizures due to stress, and other physical issues as a direct result from being treated in a discriminatory and retaliatory manner." (Compl. 9, E.C.F. No. 1.)

Because of her learning and medical disorders, including "epilepsy, asthma, sub-muscular ulna[r] nerve transposition and severe depression, which restricts her ability to learn," Pujari asked Virginia Tech for a disabled-parking permit and permission to use her computer in class. Virginia Tech did not address her requests in a timely manner and, as a result, Pujari suffered an asthma attack. Soon, Pujari began to notice hostility to her race, national origin, and religion. She alleges, for example, that one Virginia Tech professor "made Plaintiff and others write and read materials based upon her racial background." (Compl. 10, E.C.F. No. 1.)

Pujari's Ph.D. experience continued to deteriorate. In 2009, a Virginia Tech police officer pulled her over for allegedly failing to obey a stop sign. Pujari submitted to a breath test, which measured positive for alcohol. Despite Pujari's explanation that she had just used her asthma inhaler, the officer arrested her. Pujari claims that the officer "took twenty extra minutes" to drive her to jail, "brushed over [her] breasts," and failed to "read her rights." (Compl. 10, E.C.F. No. 1.) Once at the jail, Pujari "had an asthma attack because the jail was cold." (Compl. 11, E.C.F. No. 1.) Within days of being released, the police (for reasons unclear to the court) re-arrested Pujari at her home. During the arrest, the officer handcuffed Pujari and "caused injury to [her], including, but not limited to, a ganglion cyst on [her] wrist." (Compl. 11, E.C.F. No. 1.) And, according to Pujari, the officer had a young boy on a "ride-along" in the car, and the officer "never asked [her] if she minded that the young boy was present." (Compl. 11, E.C.F. No. 1.)

Eventually, Virginia Tech terminated Pujari's doctoral candidacy. She claims to have been an exemplary Ph.D. candidate but also the victim of persistent and pervasive harassment detrimental to her education and job performance that her superiors largely ignored. As a result, Pujari alleges violations of Title VII; Title IX; the ADA; 42 U.S.C. § 1981; the Fourth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution; the Virginia Constitution; and the Virginia Human Rights Act. In addition, she claims intentional infliction of emotional distress, negligent infliction of emotional distress, breach of the covenant of good faith and fair dealing, fraudulent inducement, detrimental reliance, breach of an employment contract, "negligent breach of contract duty," misrepresentation, negligent misrepresentation, fraud, deceit, interference with contractual relations, interference with her right to privacy, conspiracy, "willful conduct," and "breach of policies and procedures." To remedy these wrongs, she seeks a court-ordered reinstatement in her doctoral program, an injunction assuring that the defendants will violate her rights no further, back pay, front pay, lost employment benefits, compensatory damages, punitive damages, interest, fees, and costs.

## II.

The defendants have moved for dismissal on a variety of grounds. The court finds that Pujari's complaint is factually deficient and that any further judicial evaluation of her claims will require that she plead them with greater coherence and factual support. Accordingly, the court will dismiss her complaint without prejudice.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The claimant's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on

3

its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (citation omitted). While the court must accept the claimant's factual allegations as true, Hemi Group, LLC v. City of N.Y., 130 S. Ct. 983, 986–87 (2010), this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Rather, the complaint must contain sufficient facts from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has shown that she is entitled to relief, id. at 1950, in that the plaintiff's claims are not simply "conceivable" but that they are "plausible." Twombly, 550 U.S. at 70.

In this case, Pujari has filed a twenty-seven count complaint against fourteen defendants, all supported by six pages of facts—many of which appear to be unrelated to any particular claim. Her complaint names professors, students, departmental chairs, the Virginia Tech Board of Trustees, Virginia Tech itself, and various other university employees. The factual recitations offer little more than a general timeline of events occurring from 2005 to 2010 and, despite the great specificity of certain details, the court is almost entirely unable to attribute any particular conduct to any individual or for that matter to any particular claim. Fundamental pleading concepts require that court be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. While the pleading rules do not impose an exacting standard on Pujari, if she has legitimate claims she must present them with coherence and sufficient factual support. Pujari's complaint does not even remotely satisfy those requirements.

For these reasons, the court will dismiss Pujari's complaint without prejudice. Any amended complaint should be coherent, properly organized, devoid of frivolous claims,

4

compliant with the Federal Rules of Civil Procedure, and sufficiently pled under Twombly and Iqbal.[1]

    **ENTER**: This 27th day of February, 2012.

                                      UNITED STATES DISTRICT JUDGE

---

[1] The court notes that principles of state sovereign immunity, 11th Amendment sovereign immunity, and various statutory notice requirements likely bar broad categories of these claims. *Any attempt to amend the complaint should reflect those realities.* See Laber v. Harvey, 438 F.3d 404, 427 (4th. Cir. 2006) ("[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith or futility."); see also Thorne-El v. North Carolina, 446 Fed. App'x 578, 578–79 (4th Cir. 2011) ("Because [the plaintiff] may amend his complaint to cure the defects identified by the district court, the dismissal order is interlocutory and not appealable." ) (citing Chao v. Rivendell Woods, Inc., 415 F.3d 342, 345 (4th Cir. 2005)).

5